IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| INDIA CULTURAL ASSOCIATION | § | |
| | § | |
| v. | § | NO. 3:16-cv-02925 |
| | § | |
| CONTINENTAL CASUALTY | § | JURY DEMAND |
| COMPANY AND GERALD | § | |
| STRAVINSKY | § | |

DEFENDANT CONTINENTAL CASUALTY COMPANY'S
NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Continental Casualty Company files this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

I.
FACTUAL AND PROCEDURAL BACKGROUND

1. On September 13, 2016, Plaintiff India Cultural Association filed its Original Petition in the matter styled *India Cultural Association v. Continental Casualty Company and Gerald Stravinsky*, Cause No. DC-16-11619, in the 68th Judicial District Court of Dallas County, Texas. The lawsuit arises out of a claim Plaintiff made for damages to its property under an insurance policy with Continental Casualty Company.

2. Plaintiff served Continental Casualty Company with a copy of the original Petition on or about September 19, 2016. Plaintiff has not served Gerald Stravinsky with a copy of the Original Petition.

3. Continental Casualty Company filed its Original Answer on October 14, 2016.

4.      Continental Casualty Company files this notice of removal within 30 days of receiving Plaintiff's pleading.  *See* 28 U.S.C. §1446(b).  In addition, this Notice of Removal is being filed within one year of the commencement of this action.

5.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. §1446(a).  A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

6.      As required by 28 U.S.C. § 1446(a) and Rule 81.1 of the Local Rules, simultaneously with the filing of this notice of removal, attached hereto as Exhibit "A" is an Index of State Court Documents, a copy of the Docket Sheet is attached as "Exhibit "B," a copy of Plaintiff's Original Petition with embedded Jury Demand is attached as Exhibit "C," a copy of the Jury Demand is attached as Exhibit "D," a copy of Civil Case Information Sheet is attached as Exhibit "E," a copy of the facsimile transmission from Speights & Worrich enclosing Plaintiff's Original Petition, which was served upon counsel for Continental Casualty Company is attached as Exhibit "F," a copy of a Rule 11 Letter Agreement is attached as Exhibit "G," and a copy of Continental Casualty Company's Original Answer is attached as Exhibit "H."

7.      In accordance with Rule 81.1 of the Local Rules of the United States District Court for the Northern District of Texas, Continental Casualty Company is filing a completed Civil Cover Sheet, Supplemental Civil Cover Sheet, and Certificated of Interested Persons simultaneously with the filing of this Notice of Removal.

8.      Venue is proper in this Court under 28 U.S.C. §1441(a) because this district and division include Dallas County, Texas, the place where the removed action has been pending and where the incident giving rise to this lawsuit took place.

## II.
## BASIS FOR REMOVAL

9. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

**A. THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP**

10. Plaintiff is, and was at the time the lawsuit was filed, a resident and citizen of Texas. *See* Pl's Original Pet., Section II., p. 1, Exhibit D.  Therefore, Plaintiff is a citizen of Texas for diversity purposes.

11. Defendant Continental Casualty Company is an Illinois corporation with its principal place of business in Illinois.  Therefore, Continental Casualty Company is a citizen of Illinois for diversity purposes.

12. Upon information and belief, Defendant Gerald Stravinsky ("Stravinsky") is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.  With respect to the claims against Stravinsky, it is Continental Casualty Company's position that Stravinsky has been fraudulently joined in this action.  Therefore, the Texas citizenship of Stravinsky should be disregarded for the purposes of evaluating diversity in this matter.

13. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817 (1990).  The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

14. Here, Plaintiff asserts generic claims against Stravinsky for violations of the Texas Insurance Code and the DTPA, breach of the duty of good faith and fair dealing, fraud,

negligence, and negligent misrepresentation (Pl.'s Orig. Pet., Section VI. B., C., D., E., F., G., and I., pp. 9-16, Exhibit D). Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Stravinsky because no real facts relating to him have been set forth. Plaintiff's claims against Stravisnky consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twonbly*, 550 U.S. 554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against Stravinsky in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Moreover, Plaintiff has asserted causes of action against Stravinsky for which Texas law does not recognize. Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Stravinsky, his presence should be disregarded in determining diversity jurisdiction.

15.   Because Plaintiff is a citizen of Texas and Defendant Continental Casualty Company is a citizen of Illinois, complete diversity of citizenship exists among the proper parties.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

16.   This is a civil action in which the amount in controversy exceeds $75,000.00. Plaintiff's Petition expressly alleges that "[i]n an effort to comply with Rule 47(e) of the Texas Rules of Civil Procedure, Plaintiffs [sic] seek monetary relief over $100,000.00 but not more than $200,000.00." (Pl.'s Orig. Pet., Section VIII., p. 16, Exhibit D). Thus, the express allegations in the Petition exceed the amount in controversy threshold of $75,000.00.

## CONCLUSION AND PRAYER

All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant Continental Casualty Company hereby removes this case to this Court for trial and determination.

Respectfully submitted,

/s/ *Jennifer K. Kenchel*

_____
Jennifer K. Kenchel
Texas Bar No. 24026563
Jennifer.Kenchel@cna.com
**CNA COVERAGE LITIGATION GROUP**
700 N. Pearl Street, Suite 450
Dallas, TX 75201
(214) 220-5717 – Direct Dial
(214) 220-5902 – Facsimile

**ATTORNEYS FOR DEFENDANT
CONTINENTAL CASUALTY COMPANY**

## CERTIFICATE OF SERVICE

The undersigned does certify that on October 18, 2016, the foregoing *Defendant Continental Casualty Company's Notice of Removal* was electronically filed, as required by the United States District Court for the Northern District of Texas, Dallas Division, using the Court's CM/ECF filing system, which will provide notice and a copy of this document to the following if a registered ECF filer in the United States District Court for the Northern District of Texas, Dallas Division. The undersigned further certifies that on the 18th day of October, 2016, a true and correct copy of the foregoing *Certificate of Interested Persons of Defendant Continental Casualty Company* was served on the following via Certified Mail, Return Receipt Requested:

Humberto G. Garcia, Esq.

HUMBERTO G. GARCIA, PLLC
1350 North Loop 1604 East, Suite 104
San Antonio, Texas  78232
Telephone:  (210) 495-6789
Facsimile:  (210) 495-6790

W. Lee Calhoun, Esq.
SPEIGHTS & WORRICH
1350 North Loop 1604 East, Suite 104
San Antonio, Texas  78232

Telephone: (210) 495-6789
Facsimile: (210) 495-6790

*Attorneys for Plaintiff*

/s/ *Jennifer K. Kenchel*
Jennifer K. Kenchelsouthwes