FILED
DALLAS COUNTY
9/13/2016 10:15:36 AM
FELICIA PITRE
DISTRICT CLERK
Marissa Pittman

CAUSE NO. DC-16-11619

| | | |
|---|---|---|
| INDIA CULTURAL ASSOCIATION | § § § | IN THE DISTRICT COURT |
| V. | § § § | _____ JUDICIAL COURT |
| CONTINENTAL CASUALTY COMPANY AND GERALD STRAVINSKY | § § § | DALLAS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes India Cultural Association, hereinafter referred to as "Plaintiffs," complaining of Defendants, Continental Casualty Company and Gerald Stravinsky (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiffs, India Cultural Association, are individuals and residents of Texas.

Defendant, Continental Casualty Company ("Continental"), is a foreign insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. No service is required at this time.

EXHIBIT C

Defendant, Gerald Stravinsky ("Stravinsky"), is a citizen of Texas who resides at 615 Cordova St., Dallas, TX 75223, or wherever else he may be found. No service is required at this time.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Dallas County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Dallas County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Dallas County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A. Plaintiffs are the owners of insurance Policy Number B 5094313454 issued by Defendant Continental (hereinafter referred to as the "Policy").

B. Plaintiffs owned the insured property, which is specifically located at 3821 Broadway Blvd., Garland, Dallas County, Texas 75043 on October 6, 2014 (hereinafter referred to as the "Property").

C. Defendant Continental or its agent sold the Policy, insuring the Property, to Plaintiffs.

EXHIBIT C

D.  On or about October 6, 2014, a wind and hailstorm struck the Garland, Texas area causing severe damage to homes and businesses throughout the area, including Plaintiffs' Property.

E.  Plaintiffs submitted a claim to Continental against the Policy for roof damage and water damage the Property sustained as a result of the wind and hailstorm. Plaintiffs asked that Continental cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

F.  Defendants have assigned claim number E2C09787 to Plaintiffs' claim.

G.  Defendant Stravinsky was the agent for Continental and represented Continental in regard to Plaintiffs' claim. Stravinsky also adjusted the Plaintiffs' claim by investigating, processing, evaluating, approving, and/or denying, in whole or in part, Plaintiffs' claim. As such, Stravinsky acted as an insurance adjuster engaged in the business of insurance with respect to the Plaintiffs' insurance claim. Therefore, Stravinsky is a "person" who is individually liable for his unfair methods of competition or unfair or deceptive acts or practices under the Texas Insurance Code and the DTPA. Furthermore, Stravinsky acted as the agent and representative for Continental in this claim.

H.  Defendant Stravinsky improperly adjusted the Plaintiffs' claim. Defendant Stravinsky conducted a substandard inspection, evidenced in his report, which failed to include many of Plaintiff's damages.[1] Apparently, Stravinsky relied on an engineering report by Nelson Forensics which was inaccurate and lacked thoroughness in its investigation. Nelson Forensics' report included a "Hail Verification Report" provided by Corelogic that was inaccurate and contained misinformation from which it relied upon. Stravinsky's reliance on an inaccurate engineering report further shows Defendants Continental and Stravinsky's

---

[1] *See Exhibit A: Defendant Stravinsky's Denial Letter dated May 9, 2015.*

Page 3 of 19

EXHIBIT C

unreasonable claim determination and lack of a thorough investigation into Plaintiff's claim. As a consequence of Stravinsky's reliance on such an inaccurate engineering report, his estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Stravinsky misrepresented the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, as well as the amount of and insurance coverage for Plaintiffs' claim/loss under Plaintiffs' insurance policy.[2] Specifically, Stravinsky misrepresented that the interior water damage was not caused by a storm-created opening, and then denied Plaintiff's claim based on a conclusion that Plaintiff's water was caused by water entering the building as a result of wear and tear to the roofing system. However, Stravinsky misrepresented the cause and extent of Plaintiff's damages. Plaintiff's damages are much more extensive and include storm-related damages to Plaintiff's roof, as well as storm-created openings that caused Plaintiff's interior water damage. On October 2, 2014, The National Weather Service reported surface wind speeds with gusts up to 58 mph and reports of hail measuring +2.00" in diameter, near or around the location of Plaintiff's loss, and more than sufficient weather conditions to create the kind of loss that Plaintiff suffered. Additionally, Plaintiff's repairs will require extensive removal, replacement and installation of new material as damages to Plaintiff's Property have become exasperated by the passage of time. Plaintiff's delay and inability to fully repair and mitigate damages is a result of Defendant's refusal to pay Plaintiff for the covered damages caused by a covered occurrence.

I.  Stravinsky made these and other misrepresentations to Plaintiffs as well as to Continental. Plaintiffs and Continental both relied on Stravinsky's misrepresentations, including but not

---

[2] *Id.*

Page 4 of 19

EXHIBIT C

    limited to those regarding the cause of, scope of, and cost to repair the damage to Plaintiffs' Property, and Plaintiffs have been damaged as a result of such reliance. Stravinsky's misrepresentations caused Continental to underpay Plaintiffs on their insurance claim and, as such, Plaintiffs have not been able to properly and completely repair the damages to Plaintiffs' property.

J.   Defendants Continental and Stravinsky misrepresented that the damages caused by the wind and hailstorm were not covered by the policy.[3] Defendants determined that no storm created opening was found and thus concluded that the interior damage was not caused by a covered occurrence. However, Defendants unreasonably overlooked many damages to Plaintiff's Property which include, but are not limited to, damage to entire roof and in need of replacement, metal siding panels pulled loose from high speed winds, damage to gutters and downspouts also in need of replacement, replacement of five (5) heavily damaged HVAC units, replacement of storage shed, and repair to the interior ceilings and walls of the auditorium, entryway/lobby, hallways, closet, classrooms, library, office, and ballroom. This includes over 6,900 square feet of ceiling tiles that have been observed as water-damaged, as well as damage to the walls and crown molding. There is also water damage to the fiberglass batt insulation throughout the Property, as well as areas where water has gathered and left a residue on the steal framework. Because Defendants failed to conduct a reasonable and thorough investigation into Plaintiff's claim, Plaintiff's Property has been further damaged. However, Defendants' representations were false because Plaintiffs' wind and hailstorm damages exceed $300,600.00 and were caused by a covered occurrence.

---

[3] *Id.*

EXHIBIT C

K. Defendants Continental and Stravinsky failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs.

L. These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiffs' claim.

M. Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

N. Defendant Stravinsky failed to perform its contractual duty to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

O. Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

P. Defendants failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

Q. Defendants failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiffs adequate compensation,

EXHIBIT C

without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. TEX. INS. CODE Section 541.060(a)(3).

R. Defendants failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

S. Defendants refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

T. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

U. Defendants failed to accept or deny Plaintiffs' full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes

EXHIBIT C

      violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

V. Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

W. From and after the time Plaintiffs' claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendants have refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

X. As a result of Defendants' wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorney and law firm who is representing Plaintiffs with respect to these causes of action.

Y. Plaintiffs' experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

EXHIBIT C

## VI. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract Against Continental

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiffs purchased, Continental has the duty to investigate and pay Plaintiffs' policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm. As a result of the wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiffs' Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiffs. As a result of this breach of contract, Plaintiffs have suffered the damages that are described in this petition.

### B. Cause of Action for Violation of Section 542 Against Continental and Stravinsky

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiffs' claim, Defendants did not request from Plaintiffs any items, statements, and forms that they reasonably believed at that time would be required from Plaintiffs for Plaintiffs' claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiffs' claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period. In

EXHIBIT C

addition, in the event it is determined Defendants owe Plaintiffs any additional monies on Plaintiffs' claim, Defendants have automatically violated Section 542 in this case.

### C. DTPA Cause of Action Against Continental and Stravinsky

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiffs are consumers of goods and services provided by Defendants pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiffs' claim, (2) their failure to give Plaintiffs the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear, which gives Plaintiffs the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

EXHIBIT C

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiffs that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA;

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiffs into a transaction into which the Plaintiffs would not have entered had the information been disclosed, which gives Plaintiffs the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiffs to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts,

EXHIBIT C

omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against Continental and Stravinsky**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiffs have satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendants' failure to pay for the proper repair of Plaintiffs' home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiffs the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiffs pertinent facts or policy provisions relating to the coverage at issue;

D. Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E. Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

EXHIBIT C

  F. Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

  G. Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E. Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against Continental and Stravinsky**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. By their acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiffs' entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiffs' entire claim and by failing to settle Plaintiffs' entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiffs' damages.

EXHIBIT C

### F. Cause of Action for Fraud Against Continental and Stravinsky

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs herein.

Plaintiffs incorporate all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiffs. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiffs would rely, and upon which Plaintiffs did reasonably rely to their detriment. The representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiffs into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiffs' claim. As a result of the material misrepresentations and omissions upon which Plaintiffs detrimentally relied, Plaintiffs have suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiffs seek herein, as a result of the Defendants' fraud, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### G. Cause of Action for Negligence and Gross Negligence Against Stravinsky

Plaintiffs re-allege and incorporate by reference all previous paragraphs and allegations herein.

EXHIBIT C

The Defendant Stravinsky was negligent in giving advice to Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property. This advice as to how to repair Plaintiffs' Property was negligent because Plaintiffs could not properly repair their Property and prevent future damage by following Stravinsky's advice. Plaintiffs' Property has sustained further damages as a result. Stravinsky owed a duty to use reasonable care when he undertook to advise the Plaintiffs as to how they could repair their Property so as to prevent further damage to the Plaintiffs' Property. Defendant Stravinsky breached this legal duty. The breach proximately caused injury to the Plaintiffs.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Stravinsky.

I. **Cause of Action for Negligent Misrepresentation Against Stravinsky**

Plaintiffs re-allege and incorporate by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Stravinsky constitute negligent misrepresentations that have caused damages to Plaintiffs. Defendant Stravinsky made representations to Plaintiffs in the course of Plaintiffs' business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the guidance of others, including Plaintiffs. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiffs. Plaintiffs justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiffs' Property.

EXHIBIT C

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Stravinsky.

Plaintiffs seek herein, as a result of Defendant's negligent misrepresentations, Plaintiffs' actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII. WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## VIII. DAMAGES

The above described acts, omissions, failures and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, the cost to properly repair Plaintiffs' property and any investigative and engineering fees incurred in the claim. Plaintiffs are also entitled to recover consequential damages from Defendants' breach of contract. Plaintiffs are also entitled to recover the amount of Plaintiffs' claim plus an 18% per annum penalty on that claim against Defendants as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiffs seek monetary relief over $100,000.00 but not more than $200,000.00. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

EXHIBIT C

## IX. ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiffs, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

EXHIBIT C

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

### XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiffs requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (l).

### XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which they may show themselves to be justly entitled.

EXHIBIT C

Respectfully submitted,

**HUMBERTO G. GARCIA, PLLC**
1350 North Loop 1604 East, Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
HUMBERTO G. GARCIA
Texas State Bar No. 07636620
humberto@speightsfirm.com

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _____
W. LEE CALHOUN
Texas State Bar No. 24078300
lee@speightsfirm.com

**ATTORNEY FOR PLAINTIFFS**

EXHIBIT C